IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:14-CV-00495 |
| v. | ) ) | COMPLAINT |
| INTERFOOD PLAZA LATINA, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex, female, and to provide appropriate relief to Marita Lopez who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), alleges that Defendant Interfood Plaza Latina, Inc. ("Defendant"), subjected Lopez to sexual harassment that created a sexually hostile work environment because of her sex, female.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Raleigh and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lopez filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around July 2013 to around November 2013, Defendant engaged in unlawful employment practices at its facility in Raleigh, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below.

8. From around July 2013 to around November 2013, Defendant subjected Lopez to sexual harassment that created a sexually hostile work environment based on her sex, female.

9. Specifically, in July 2013, Lopez was hired as an Accounting Assistant at Defendant's facility in Raleigh, NC. Soon after Lopez's hire, Defendant's President began commenting on her appearance, ogling her body, touching her, and asking her for sex. The

President is Defendant's sole owner and, as such, had supervisory authority over Lopez and completely controlled the terms and conditions of her employment on a day-to-day basis.

10. The harassment was severe or pervasive in that it occurred on a daily basis and involved both sexual comments and sexual touching. The harassment included, but was not limited to unwelcome sexual touching, such as attempting to kiss Lopez on the lips and tickling Lopez, as well as repeated requests that Lopez go out with the President for lunch and dinner, and that Lopez have sex with the President. The harassment also included other unwelcome sexual comments, such as telling Lopez to let him (Defendant's President) "look at" Lopez; talking about a woman who liked to give blow jobs to her boss; and making repeated remarks about Lopez's appearance such as telling Lopez that she is "pretty" or "beautiful."

11. Lopez repeatedly told Defendant's President that his sexual comments and sexual touching were unwelcome and refused his requests for sex. However, no action was taken by Defendant to address the sexual harassment and the harassment continued.

12. In or around October 2013, Lopez approached Defendant's President about a pay raise that she had been promised at the time of her hire. Defendant's President informed Lopez that he would give her money if she would agree to have sex with him. Lopez refused to have sex with Defendant's President in exchange for money. Lopez did not receive the pay raise that she was promised at the time of her hire and thus suffered a tangible employment action as a result of her refusal to have sex with Defendant's President. Lopez ultimately resigned her employment in or around November 2013.

13. The effect of the practices complained of above has been to deprive Lopez of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

3

Case 5:14-cv-00495-D    Document 1    Filed 09/03/14    Page 3 of 5

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lopez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or from any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Lopez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

D. Order Defendant to make Lopez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Lopez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 3rd day of September, 2014.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone: (919) 856-4148
Fax: (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF